IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| LARRY G. AND EARLENE WALDRUP, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | CIVIL ACTION NO.: _____ |
| ) | |
| HARTFORD LIFE INSURANCE COMPANY ) | |
| and WILLIAM JOSEPH ROBERTS ) | |
| ) | |
| Defendants. ) | |
| ) | |
| ) | |

### HARTFORD LIFE INSURANCE COMPANY'S
### ANSWER TO COMPLAINT

COMES NOW Defendant Hartford Life Insurance Company ("Hartford" or "Defendant") and hereby submits this answer to the Plaintiffs' Complaint.

### GENERAL DENIAL

In response to the numbered allegations of the Complaint, Defendant generally denies the material allegations of the Complaint and generally denies that Plaintiffs are entitled to the relief sought or any relief whatsoever. Hartford will submit an Amended Answer responding to the specific allegations of Plaintiffs' Complaint.

### AFFIRMATIVE DEFENSES
### FIRST DEFENSE

Defendant pleads the applicability of the Federal Arbitration Act, 9 U.S.C. § 1, et seq., to any and all claims made against Defendant or its agents that fall within any applicable arbitration provision. This Answer is filed without waiving, and specifically reserving, the right to arbitrate any claims covered by an arbitration provision.

1

## SECOND DEFENSE

Plaintiffs' Complaint fails to state a claim against Defendant upon which relief can be granted.

## THIRD DEFENSE

Defendant denies the material allegations of the Complaint and demands strict proof thereof.

## FOURTH DEFENSE

Defendant is not guilty of the matters and things alleged in the Complaint. Defendant denies that it has engaged in any inappropriate conduct as pled by the Plaintiffs which would entitle Plaintiffs to an award of damages of any kind or character as pled.

## FIFTH DEFENSE

Defendant avers that venue is improper. *See* 28 U.S.C. § 1404. In the alternative, venue would be more appropriate in another forum.

## SIXTH DEFENSE

The injuries and damages claimed in the Complaint were caused by the acts or omissions of others for whom Defendant owes no legal responsibility.

## SEVENTH DEFENSE

Defendant and its agents had no duty to disclose to Plaintiffs the matters they allege were suppressed.

## EIGHTH DEFENSE

To the extent Plaintiffs' Complaint attempts to state a claim for fraud, the Complaint fails to comply with Rules 8 and 9 of the Alabama Rules of Civil Procedure and Federal Rules of

Civil Procedure and does not give sufficient notice of the circumstances surrounding any alleged fraud.

### NINTH DEFENSE

Defendant denies that it or any of its agents breached any duty or obligation allegedly owed to Plaintiffs, or that it or any of its agents misrepresented any material fact to Plaintiffs or that it or any of its agents have omitted to state any material fact to Plaintiffs.

### TENTH DEFENSE

Defendant avers that Plaintiffs' claims are barred by the applicable statute of limitations, statute of frauds, res judicata, collateral estoppel, judicial estoppel, waiver, contributory negligence, accord and satisfaction, failure to read, voluntary payment, ratification, acquiescence, consent, release and/or estoppel.

### ELEVENTH DEFENSE

Plaintiffs lack standing to sue.

### TWELFTH DEFENSE

Plaintiffs' claims are not ripe.

### THIRTEENTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the "filed-rate" doctrine.

### FOURTEENTH DEFENSE

Plaintiffs' alleged losses are subject to and barred by all of the terms and conditions of the policy made the basis of this lawsuit.

### FIFTEENTH DEFENSE

Defendant pleads that the transaction alleged was voluntarily undertaken, that Plaintiffs had the opportunity and the obligation to read all documents presented to or signed by Plaintiffs,

that the terms and conditions of the policy at issue were fully disclosed to Plaintiffs, that Plaintiffs knowingly entered into the transaction, having either understood the transaction or having failed to take advantage of the opportunity to understand the transaction.

### SIXTEENTH DEFENSE

Plaintiffs' claims are barred by the doctrine of merger.

### SEVENTEENTH DEFENSE

Plaintiffs' claims are barred, in whole or in the part, by the parol evidence rule.

### EIGHTEENTH DEFENSE

Defendant denies that Plaintiffs reasonably or justifiably relied upon any alleged misrepresentation or omission by Defendant or its agents, or that Plaintiffs were damaged as the proximate result of any alleged misrepresentation or omission.

### NINETEENTH DEFENSE

Defendant did not authorize, participate in or ratify any alleged misrepresentation or wrongful act asserted in the Complaint.

### TWENTIETH DEFENSE

Plaintiffs have suffered no damages as a result of the matters alleged in the Complaint.

### TWENTY-FIRST DEFENSE

Defendant denies that Plaintiffs were injured or harmed in any way by any alleged act or omission by Defendant or its agents.

### TWENTY-SECOND DEFENSE

Plaintiffs' claims fail, in whole or in part, because Plaintiffs have failed to mitigate damages.

## TWENTY-THIRD DEFENSE

Plaintiffs cannot recover damages for alleged mental anguish or emotional distress because Plaintiffs cannot allege or prove that Plaintiffs have sustained a physical injury as a result of Defendant's alleged conduct or that Plaintiffs were placed in immediate risk of physical harm by that conduct.

## TWENTY-FOURTH DEFENSE

Defendant was not the proximate cause of Plaintiffs' alleged damages and losses.

## TWENTY-FIFTH DEFENSE

Plaintiffs' alleged losses were not foreseeable.

## TWENTY-SIXTH DEFENSE

Plaintiffs assumed the risk of the market.

## TWENTY-SEVENTH DEFENSE

The Complaint fails to allege a claim for which punitive damages can be recovered.

## TWENTY-EIGHTH DEFENSE

Defendant states that it acted in compliance with any and all applicable state and/or federal securities laws, or any of the rules promulgated thereunder, or any other principles of common law.

## TWENTY-NINTH DEFENSE

Plaintiffs cannot recover damages for alleged mental anguish or emotional distress because Plaintiffs cannot allege or prove that Plaintiffs have sustained a physical injury as a result of Defendant's alleged conduct or that Plaintiffs were placed in immediate risk of physical harm by that conduct.

### THIRTIETH DEFENSE

The rules of evidence as applied by the Alabama courts permit the admission of evidence of alleged mental pain and suffering in such a way as to violate the Due Process Clause of the United States Constitution and similar provisions of the Alabama Constitution.

### THIRTY-FIRST DEFENSE

Plaintiffs cannot recover for mental pain and suffering, emotional distress or similar damages, if any, because there is no physical manifestation of the alleged mental anguish and there is no fixed, objective and/or clear and consistent standard under Alabama law for ascertaining the amount thereof, such that any award of said damages against Defendant would violate the Fifth and Fourteenth Amendments to the United States Constitution and Article I, Section 6 of the Alabama Constitution, which prohibit deprivation of life, liberty or property except by due process of law.

### THIRTY-SECOND DEFENSE

A jury award of mental anguish damages in this case will violate due process and equal protection rights guaranteed to Defendant by the Fifth and Fourteenth Amendments to the United States Constitution, and Article One, Sections 1, 6 and 22 of the Constitution of the State of Alabama of 1901. In particular, a mental anguish damage award will violate these constitutional provisions because Alabama juries are given no rule, standard or guideline upon which to rely in calculating mental anguish damage awards.

### THIRTY-THIRD DEFENSE

Defendant cannot be held liable for punitive damages for intentional wrongful conduct or conduct involving malice based upon acts or omissions of any agent, employee or servant pursuant to Ala. Code § 6-11-27 (1993).

## THIRTY-FOURTH DEFENSE

The Complaint fails to allege a claim for which punitive damages can be recovered.

## THIRTY-FIFTH DEFENSE

Former Ala. Code § 6-11-21 bars Plaintiffs' claims for punitive damages to the extent that it exceeds the amount of $250,000.00, which the Alabama Legislature has established as the outer limit of reasonableness for awards of punitive damages as a matter of public policy in this state. The Alabama Supreme Court acted beyond its scope of authority and violated the separation of powers clause of the United States Constitution and/or the Alabama Constitution in striking down this legislative mandate, and therefore, its action was unconstitutional and without effect. Allowing an award in excess of this legislative cap directly contravenes the express public policy of the State of Alabama.

## THIRTY-SIXTH DEFENSE

Ala. Code § 6-11-21 bars Plaintiffs' claims for punitive damages to the extent that those claims exceed the amount of $500,000, which the Alabama Legislature has established as the outer limit of reasonableness for awards of punitive damages as a matter of public policy in this state.

## THIRTY-SEVENTH DEFENSE

Plaintiffs' claims for punitive damages cannot be sustained because an award of punitive damages under Alabama law would violate Defendant's due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and by the due process provisions of the Alabama Constitution.

## THIRTY-EIGHTH DEFENSE

Plaintiffs' claims for punitive damages cannot be sustained, because an award of punitive damages under Alabama law by a jury that (1) is not provided a standard sufficient for determining the appropriateness or the appropriate amount of a punitive damages award, (2) is not instructed on the limits on punitive damages imposed by the applicable principles of deterrence and punishment, (3) is not expressly prohibited from awarding punitive damages or determining the amount of an award of punitive damages, in whole or in part, on the basis of invidiously discriminatory characteristics, including the corporate status of a defendant, (4) is permitted to award punitive damages under a standard for determining liability for punitive damages that is vague and arbitrary as to damages permissible, and (5) is not subject to judicial review on the basis of objective standards, would violate Defendant's substantive and procedural due process and equal protection rights guaranteed by the Fourteenth Amendment to the United States Constitution and the Double Jeopardy Clause of the Fifth Amendment as incorporated into the Fourteenth Amendment, and by the Alabama constitutional provisions providing for due process, equal protection and the guarantee against double jeopardy.

## THIRTY-NINTH DEFENSE

Plaintiffs' claims for punitive damages cannot be sustained because an award of punitive damages under Alabama law without proof of every element beyond a reasonable doubt would violate Defendant's substantive and procedural due process rights under the due process provisions of the Alabama Constitution.

## FORTIETH DEFENSE

Any award of punitive damages based on anything other than Defendant's conduct in connection with the matters that are the subject of this lawsuit would violate the Due Process

Clause of the Fourteenth Amendment to the United States Constitution, the Double Jeopardy Clause of the Fifth Amendment as incorporated into the Fourteenth Amendment, and the Alabama constitutional provisions providing for due process and the guarantee against double jeopardy, because such an award in this case would not prevent Defendant from being subject to other judgments awarded with the goal of punishing Defendant for the same wrong. In effect, Defendant would receive multiple punishments for the same wrong.

## FORTY-FIRST DEFENSE

Any award of punitive damages in this case would violate Defendant's rights under the substantive and procedural Due Process Clause of the United States Constitution and corresponding provisions of the Constitution of the State of Alabama, the Excessive Fines Clause of the Eighth Amendment to the United States Constitution, the contract clause of Article Two of the United States Constitution, and the Equal Protection Clause of the United States Constitution and corresponding provisions of the Constitution of the State of Alabama.

## FORTY-SECOND DEFENSE

The Alabama punitive damage system, on its face and as applied, violates the Due Process Clause of the Fourteenth Amendment to the United States Constitution. While the Supreme Court of the United States perceived the system as constitutional in Pacific Mutual Life Insurance Co. v. Haslip, 499 U.S. 1 (1991), events subsequent to Haslip have shown that the system is wholly arbitrary, fundamentally unfair and utterly irrational in violation of due process. See Armstrong v. Roger's Outdoor Sports, Inc., 581 So. 2d 414, 423 (Ala. 1991) (Maddox, J., dissenting); Henderson v. Alabama Power Co., 627 So. 2d 878, 894-95 (Ala. 1993) (Maddox, J., dissenting); Id. at 914 (Houston, J., dissenting). The Alabama system affords juries standardless discretion to impose unlimited punishment and review of such awards is constitutionally

deficient. See Honda Motor Co., Ltd. v. Oberg, 114 S. Ct. 2331 (1994). Alabama post-verdict review is neither meaningful, consistent, nor constitutionally adequate to cure this crucial constitutional defect.

### FORTY-THIRD DEFENSE

The Alabama punitive damage system, on its face and as applied, violates the Due Process Clause of the Fourteenth Amendment because there are absolutely no meaningful standards or limits for determining the amount of the award, contravening the deeply rooted American tradition that punishment may not be imposed in the absence of a pre-existing, express range of penalties established by the legislature.

### FORTY-FOURTH DEFENSE

The imposition of a punitive damage award in this case in the absence of explicit, particularized guidelines or standards is highly unfair and constitutionally infirm because an award made in the absence of such guidelines or standards may be grossly excessive, disproportionate, arbitrary and irrational. A punitive damage award in the absence of such guidelines or standards will bear no rational or reasonable relationship to Defendant's alleged conduct in this matter or to any alleged harm to Plaintiffs and will dwarf legislatively established fines for comparable conduct. A punitive damage award in the absence of such guidelines or standards therefore will violate the Due Process Clause of the Fourteenth Amendment to the United States Constitution, and the excessive fines clause of the Alabama Constitution, Ala. Const. Art, I, § 15.

### FORTY-FIFTH DEFENSE

Without the protections of Ala. Code §§ 6-11-23(a) and 6-11-24 regarding punitive damage awards, now declared unconstitutional by the Alabama Supreme Court, the State of

Alabama no longer affords to a defendant sufficient protection under the United States Constitution from excessive and arbitrary punitive damage awards.

### FORTY-SIXTH DEFENSE

A punitive damage award in this case will violate the Due Process Clause of the Fourteenth Amendment to the United States Constitution, the Commerce Clause, the Equal Protection Clause and the Privileges and Immunities Clause because the award would be based upon an Alabama state enforced policy that unconstitutionally discriminates against a defendant in punitive damages cases based upon Defendant's status as a large, out-of-state, corporate entity.

### FORTY-SEVENTH DEFENSE

The imposition of punitive damages in this case based upon theories of respondeat superior, agency, vicarious liability or joint and several liability violates the Due Process Clause of the Fourteenth Amendment of the United States Constitution.

### FORTY-EIGHTH DEFENSE

Plaintiffs' claims for punitive damages against Defendant cannot be sustained, because any such award of damages under Alabama law exceeding the limits authorized by the Alabama Criminal Code would constitute an excessive fine and cruel and unusual punishment in violation of the Fourteenth Amendment to the United States Constitution, the Eighth Amendment as incorporated into the Fourteenth Amendment and the Alabama constitutional provisions providing for due process and protection against excessive fines and cruel and unusual punishment.

### FORTY-NINTH DEFENSE

Any award of punitive damages based on anything other than Defendant's conduct, if any, in connection with the denial of benefits that is the subject of this case, as opposed to conduct outside the State of Alabama, would violate the Due Process and Equal Protection Clauses of the United States Constitution and the Alabama Constitution and the double jeopardy clause of the Fifth Amendment as incorporated into the Fourteenth Amendment and the Alabama constitutional provisions providing for due process and the guarantee against double jeopardy, because any other judgment for damages in this case cannot protect Defendant against impermissible multiple punishment for the same wrong. See Gore v. BMW of North America, Inc., 116 S.Ct. 1509 (1996).

### FIFTIETH DEFENSE

Plaintiffs' demand for punitive damages is unconstitutional and violates Defendant's right to due process guaranteed by the Fifth Amendment and the Fourteenth Amendment of the United States Constitution and Article I, Section 6, of the Alabama Constitution, because the jury is not authorized to apportion damages separately and severally against joint tortfeasors even though the damages are predicated upon the alleged enormity of the wrong committed by each alleged tortfeasor.

### FIFTY-FIRST DEFENSE

With respect to Plaintiffs' demand for punitive damages, Defendant specifically incorporates by reference any and all standards or limitations regarding the determination and/or enforceability of punitive damage awards which arose in the decisions of State Farm Mutual Automobile Insurance Co. v. Campbell, ___ U.S. ___, No. 01-1289 (April 7, 2003); Cooper Industries, Inc. v. Leatherman Tool Group, Inc., ___ U.S. ___, No. 99-2035 (May 15, 2001); and

BMW of No. America v. Gore, 116 U.S. 1589 (1996).

## FIFTY-SECOND DEFENSE

Any award of punitive damages to Plaintiff in this case is prohibited by the Due Process Clause of the Fourteenth Amendment until Defendant has first been provided with "an opportunity to present every available defense." *Philip Morris v. Williams*, 127 S.Ct. 1057, 1063 (2007) (quoting *Lindsey v. Normet*, 405 U.S. 56, 66 (1972)).

## FIFTY-THIRD DEFENSE

Any claim for punitive damages, on its face and/or as applied in this case, is an unconstitutional taking of property from Defendant without due process, to the extent that Plaintiff seeks to punish Defendant for an injury inflicted upon nonparties to this litigation (e.g., victims whom the Plaintiff does not represent). "[T]he Constitution's Due Process Clause forbids a State to use a punitive damages award to punish a defendant for injury that it inflicts upon nonparties . . ., i.e., injury that it inflicts upon those who are, essentially, strangers to the litigation." *Philip Morris v. Williams*, 127 S.Ct. 1057, 1063 (2007). The Due Process Clause prohibits punishment of a defendant based on an injury to a nonparty because "a defendant threatened with punishment for such injury has no opportunity to defend against the charge." *Id.*.

## FIFTY-FOURTH DEFENSE

Any claim for punitive damages, on its face and/or as applied in this case, is improper because the State lacks proper standards to "cabin the jury's discretionary authority." Thus, the punitive damage system in place in this State deprives Defendant of "fair notice . . . of the severity of the penalty that [could be] impose[d]," and subjects Defendant to an "arbitrary punishment" that did not reflect an "application of law" but rather "a decisionmaker's caprice." *Philip Morris v. Williams*, 127 S.Ct. 1057, 1062 (2007) (citations omitted).

### FIFTY-FIFTH DEFENSE

Any claim for punitive damages, on its face and/or as applied in this case, is improper because the State's law does not provide the appropriate standards for the imposition of punitive damages. Thus, the State's procedure for awarding punitive damages unnecessarily deprives juries of proper legal guidance and subjects Defendant to arbitrariness and inadequate notice. "[G]iven the risks of arbitrariness, inadequate notice, and imposing one State's policies on other States, it is particularly important that States avoid procedure that unnecessarily deprives juries of proper legal guidance." *Philip Morris v. Williams*, 127 S.Ct. 1057, 1059 (2007) (citations omitted).

### FIFTY-SIXTH DEFENSE

Plaintiff's claims for punitive damages against the Defendants cannot be sustained, because an award of punitive damages based on anything other than Defendant's conduct toward actual parties imposes "one State's (or one jury's) 'policy choice' upon 'neighboring states' with different public policies," in violation of the Due Process Clause of the United States Constitution. *Philip Morris v. Williams*, 127 S. Ct. 1057, 1059 (2007) (quoting *BMW of North America, Inc. v. Gore*, 517 U.S. 559, 568, 116 S.Ct. 1589, 134 L. Ed. 2d 809).

### FIFTY-SEVENTH DEFENSE

Defendant raises each and every affirmative defense required to be pled by applicable rules of civil procedure should said defenses become applicable as this action proceeds.

### FIFTY-EIGHTH DEFENSE

Defendant is denied due process and equal protection of the law because it is denied defenses available to other defendants in tort cases.

### FIFTY-NINTH DEFENSE

Defendant at all times acted in good faith, without scienter, in accordance with all laws, rules, regulations and industry standards and it did not, directly or indirectly, induce the acts of which Plaintiff complains.

### SIXTIETH DEFENSE

Defendant reserves the right to assert other defenses and claims when and if it becomes appropriate during this civil action.

Dated this 6th day of July, 2007.

_____
William B. Wahlheim, Jr.
John David Collins
Grace Robinson Murphy

Attorneys for Defendant
Hartford Life Insurance Company

OF COUNSEL:

MAYNARD, COOPER & GALE, P.C.
2400 AmSouth/Harbert Plaza
1901 Sixth Avenue North
Birmingham, Alabama 35203
(205) 254-1000

## CERTIFICATE OF SERVICE

      I hereby certify that a copy of the foregoing Answer has been served upon the following counsel of record to this proceeding by placing a copy of same in the United States Mail, properly addressed and first-class postage prepaid this _6th_ day of July, 2007:

John E. Tomlinson
BEASLEY, ALLEN, CROW, METHVIN
PORTIS & MILES, P.C.
P. O. Box 4160
Montgomery, Alabama 36103-4160

Mr. Joel R. Hamner
MCCUTCHEON & HAMNER, P.C.
P. O. Box 38
Florence, Alabama 35631

J. Russ Campbell
A. Kelly Brennan
Thomas V. Burch
BALCH & BINGHAM, LLP
P.O. Box 306
Birmingham, AL 35201-0306

                              */s/ Grace R. Murphy*
                              OF COUNSEL